# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHYKEEM HOPKINS<br>5953 Chester Avenue<br>Philadelphia, PA 19143<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHILADELPHIA HOUSING AUTHORITY<br>2013 Ridge Avenue<br>Philadelphia, PA 19121<br><br>　　　　Defendant. | CIVIL ACTION<br><br>No.<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Shykeem Hopkins, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff against the Philadelphia Housing Authority (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et. seq*.), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601, *et. seq.*), the Philadelphia Fair Practices Ordinance ("PFPO"), and the Pennsylvania Human Relations Act ("PHRA").[1]

2. Plaintiff asserts, *inter alia*, that he experienced unlawful workplace discrimination and retaliation, culminating in his unlawful termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff pursues his claims under the PHRA and PFPO for notice purposes only. These claims are not yet administratively exhausted. Once these claims are ripe, Plaintiff will move to amend the instant complaint, which state and city claims will mirror Plaintiff's ADA claims identically.

**JURISDICTION AND VENUE**

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state and local law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as his federal claims asserted herein.

5. Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. On or about November 24, 2025, Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative remedies before initiating this action by timely filing and dual-filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual with an address as set forth above.

9. Defendant Philadelphia Housing Authority is a government agency, providing safe and affordable housing to low-income residents throughout the City of Philadelphia, and employs over 1,400 people to deliver these services.

10. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was hired to work for Defendant beginning on or about October 1, 2023.

13. Plaintiff was employed as a skilled laborer, performing cleaning, landscaping, and remedial repairs at homes for and on behalf of Defendant.

14. At all relevant times, Plaintiff's management structure was as follows:

(a) Direct Supervisor: "Marlon";

(b) Manager/Forman: "Dennis";

(c) Project Manager: "Mike"; and

(d) Senior Human Resources Business Partner: "Wood."

15. Plaintiff was a full-time skilled laborer, and worked very hard trying to learn consistently on the job to fulfill any tasks asked of him (this included by way of example additional demolition work).

16. Because of Plaintiff's capabilities on the job, he was considered an excellent employee and was far more capable than some of the newer employees Defendant was hiring to assist.

17. Plaintiff had close bonds with his family, and unfortunately in 2024 his grandmother passed away, and then in or about March 2025, his brother also passed away.

18. Due to these deaths and other life circumstances, Plaintiff was experiencing depression, anxiety and panic symptoms.

19. Plaintiff began more openly discussing his mental health complications with his management, beginning in the Spring of 2025 and thereafter.

20. Plaintiff eventually learned that he could take time off for his serious health conditions under the Family & Medical Leave Act ("FMLA") – through a shop steward.

21. Therefore, Plaintiff pursued an FMLA-qualifying leave from on or about April 17, 2025 through on or about July 11, 2025.

22. Plaintiff pursued his leave for diagnoses of "chronic depression," and "stress disorder."

23. Upon returning from his medical leave in mid-July of 2025, Marlon in particular was being very antagonistic towards Plaintiff; Marlon was rude, speaking to Plaintiff in a condescending manner, and was assigning duties to Plaintiff just to give him a hard time.

24. On a few occasions, Marlon made negative references toward Plaintiff's need for medical leave for his mental health – mocking Plaintiff and referring to that medical leave as a "vacation."

25. Marlon's mistreatment of Plaintiff upon his return from medical leave prompted Plaintiff to complain to Defendant's management that Plaintiff was being unfairly harassed and targeted for taking medical leave.

26. Plaintiff was very vocal about his concerns, even asking if there was a possibility of Plaintiff being transferred (as Defendant supporting housing needs for over 80,000 people) and had units and landlords in various territories throughout Philadelphia.

27. Plaintiff's complaints, however, fell on deaf ears and Plaintiff continued to endure ongoing hostility right up and until his termination.

28. Within only three (3) months of return from his leave, Plaintiff was provided a termination notice dated October 7, 2025 informing him he was being laid off.

29. Referring to Plaintiff as being part of a "layoff" is absolutely absurd and pretextual, as shortly before Plaintiff returned from FMLA leave, at least 2 skilled laborers were hired.

30. Then, at least another 2 people were hired as skilled laborers before Plaintiff was notified of his layoff.

31. Thus, Defendant literally increased its workforce of skilled laborers and just terminated Plaintiff.

32. This is by definition not a layoff.

33. Plaintiff's termination closely followed his medical dialogue, medical leave, and his ongoing concerns of discriminatory treatment.

34. As if the foregoing is not enough, Plaintiff was more qualified, skilled, and tenured than other skilled laborers hired or retained.

35. Even at the time of termination, Plaintiff was assured the termination had nothing to do with his performance, and they thought he was an excellent worker.

36. While Plaintiff vehemently contests there even was a "layoff" as to him; even if there was a layoff, Plaintiff would have been retained if neutral (non-discriminatory and non-retaliatory) criteria were applied to a purported layoff.

37. Plaintiff believes and therefore avers that Defendant terminated his employment in October of 2025 in violation of the ADA and FMLA.

## COUNT I
### Violations of Family and Medical Leave Act ("FMLA")
(Wrongful Termination - Retaliation)

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Defendant, as a government agency, is a covered employer under the FMLA.

40. Plaintiff was at all times eligible for FMLA, as he was a full-time employee, employed for more than 1 year and had worked the requisite number of hours before pursuing FMLA in or about April of 2025.

41. Plaintiff exercised his FMLA rights and pursued a block leave of absence for his own serious health conditions from in or about April of 2025 through in or about July of 2025.

42. Defendant terminated Plaintiff in extremely suggestive and close proximity to his most recent usage of FMLA leave, subject him to significant animosity after exercising his rights, and provided a fabricated reason for termination.

43. A motivating and/or determinative factor in deciding to terminate Plaintiff's employment was (a) his use of FMLA, and (b) his complaints regarding retaliation for using FMLA.

## COUNT II
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Disability Discrimination; and [2] Retaliation)

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Plaintiff disclosed his mental health conditions to Defendant's management in connection with his need for a brief block medical leave of absence.

46. Once Plaintiff disclosed his health issues, Plaintiff was subject to animosity, and mistreated in terms of job duties.

47. Upon Plaintiff's return from a block medical leave, and opposing mistreatment pertaining to his FMLA/health needs, Plaintiff was abruptly "laid off," even though Defendant were continually hiring for skilled laborers.

48. Thus, Plaintiff claims that his actual/record or perceived disabilities were the reasons for his separation from employment.

49. Plaintiff also avers that his recent opposition to Defendant's unlawful conduct was also part of the reason for his separation from employment.

50. These actions as aforesaid constitute violations of the Americans with Disabilities Act, as amended.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B.Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E.Plaintiff is to be given a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq. (91538)
Christine E. Burke, Esq. (308166)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
akarpf@karpf-law.com
cburke@karpf-law.com
(215) 639-0801

Dated: February 24, 2026

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Shykeem Hopkins | : | CIVIL ACTION |
| v. | : | |
| Philadelphia Housing Authority | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 2/24/2026 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Defendants place of business_

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?   Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HOPKINS, SHYKEEM

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
PHILADELPHIA HOUSING AUTHORITY

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | INTELLECTUAL PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / PERSONAL PROPERTY / 370 Other Fraud | LABOR | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / Habeas Corpus: | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment / 535 Death Penalty | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / Other: 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)
Brief description of cause:
Violations of the ADA, FMLA, PFPO and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/24/2026
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____